## Daniel H. Tolman et al. v. Julius A. Coleman.

1. FRAUD—*One Affirming Fraudulent Sale Can Not Afterward Rescind it.*—Where a plaintiff knew when he filed his original bill, that a fraud had been practiced upon him, and with that knowledge, he then obtained an injunction against the defendants from selling the stock he had purchased, it is too late afterward for him to rescind such purchase.

**Bill to Rescind a Fraudulent Sale of Stock.**—Appeal from the Circuit Court of Cook County: the Hon. MURRAY F. TULEY, Judge presiding. Heard in this court at the October term, 1900. Reversed in part, affirmed in part, and remanded with directions. Opinion filed November 13, 1902.

CRATTY, JARVIS & CLEVELAND, attorneys for appellants.

BULKLEY, GRAY & MORE, attorneys for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

The case is of the October, 1900, term of this court. By the then request of counsel its further consideration was postponed until the case of Anderson v. Chicago Trust & Savings Bank, decided by this court at that term, had been passed upon by the Supreme Court. It was thought that the two cases were substantially alike. The opinion of the Supreme Court is found in 195 Ill. 341. That decision must control us in the present case. After a careful examination of the two cases we are compelled to say that the distinctions between them, which appellee now attempts to point out, do not exist.

Appellee knew when he filed his original bill, that a fraud had been practiced upon him, and with that knowledge, he then obtained an injunction against the defendants from selling the ten shares of stock he had purchased in the Midland Company, and this writ remained in force more than two years, and until the stock was found to be worthless. It was then too late for him to rescind such purchase.

Hence the learned chancellor should not have decreed to appellee the return of the moneys he paid for the Midland stock. The allowance to appellee of the moneys paid by him for the guarantees of his various notes by the Midland Company was correct. The usurious interest paid by appellee upon his note for $1,000, dated April 1, 1891, with interest thereon to date of the master's computation, was properly allowed him.

The decree of the Circuit Court is reversed in so far as it rescinds the purchase by appellee of the Midland Company stock, and credits him with the moneys paid therefor; and is affirmed in so far as it credits appellee with the moneys paid out for the guarantees of the Midland Company and with the usurious interest paid by him on his note of $1,000, dated April 1, 1891.

The Circuit Court is hereby directed to compute interest

at legal rates on the $1,000 note from its date to the date of the first payment of usurious interest by appellee; it will deduct the legal interest so found from the usurious interest then paid, and then deduct the remainder of such usurious interest from the principal of said note; and thus on, from time to time, until it has thus applied the last payment of usurious interest upon this note. The court will compute interest upon the remainder of said note from the date of such last payment to January 1, 1898, add such interest to the principal, and from such sum deduct the sums paid by appellee for guarantees of the Midland Company, namely, $271.17; interest at legal rates should be computed upon the remainder thus ascertained from January 1, 1898, to the date of this opinion, and a decree entered therefor against appellee.

The master's fee, as fixed by the learned chancellor, and the costs of this court, will be paid, one-half by appellee and one-half by appellants.

The decree of the Circuit Court is reversed in part, and affirmed in part, and the cause is remanded with directions.